UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JEAN PHILIPPE DU BOUSQUET,

|                    | **REPORT AND RECOMMENDATION** |
|--------------------|-------------------------------|
| Plaintiff,         | CV 24–8479 (GRB)(AYS)         |

-against-

ELAN FINANCIAL SERVICES,
and NAVY FEDERAL CREDIT
UNION,

Defendants.
--------------------------------------------------X
**SHIELDS, Magistrate Judge,**

Pro se plaintiff Jean Philippe Du Bousquet ("Plaintiff"), commenced this action against Elan Financial Services ("EFS") and Navy Federal Credit Union ("Navy Federal" or "Defendant"), alleging violations of § 1681s-2(b) of the Fair Credit reporting Act ("FCRA") and of New York General Business Law § 380-f and § 380-l for failure to investigate disputes.

Presently before this Court, upon referral by the Honorable Gary R. Brown for Report and Recommendation, (see Order Referring Motion dated 05/20/2025), is Navy Federal's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Docket Entry ("DE") [15].) As discussed below, this Court respectfully recommends that Defendant's motion be granted.

BACKGROUND

I.      Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by the Defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in his favor.

II.     Facts

    A.     Background

Plaintiff alleges that he "discovered fraudulent accounts from Navy Federal Credit Union and Elan Financial Services" on his credit report in February 2024 while checking his credit report in anticipation of applying for a loan. (Compl., DE [1], ¶¶ 1,6.) Plaintiff then disputed the

accounts by preparing and submitting an identity theft report and all supporting documents to the consumer reporting agencies on March 3, 2024. (Id. ¶ 7.) Upon processing of the report and documentation, the consumer reporting agencies suppressed the accounts from Plaintiff's credit report on March 15, 2024. (Id. ¶ 8.) On May 5, 2024, Navy Federal reinserted its account on Plaintiff's credit report "without proper notification to Plaintiff and without ensuring the maximum possible accuracy of the information." (Id. ¶ 9.)

As a result of Navy's reinsertion, Plaintiff was denied the loan he applied for and prevented him from securing a mortgage. (Compl. ¶¶ 10-11.)

B.    Procedural History

Plaintiff commenced this action on December 11, 2024. (DE [1].) On March 25, 2025, Defendant filed a pre-motion letter requesting leave to move to dismiss. (DE [27], [28].) On May 20, 2025, the pending motions, as well as any dispositive pretrial motions, were referred to the undersigned for a Report and Recommendation. (See Order Referring Motion dated 05/20/2025.) On May 21, 2025, this Court waived its pre-motion conference requirement and issued a briefing schedule for the instant motion. (See Order dated 5/21/2025.) The instant motion was file don August 6, 2025. (DE [15].)

III.    The Motion to Dismiss

Plaintiff's Complaint asserts violations of § 1681s-2(b) of the FCRA and of New York General Business Law § 380-f and § 380-l for failure to investigate disputes. Plaintiff alleges that Navy Federal failed to conduct a reasonable investigation to ensure the accuracy of reporting on his account.

Navy Federal argues that the complaint must be dismissed because Plaintiff fails to allege that the Consumer Reporting Agencies ("CRAs") provided notice of Plaintiff's dispute to Navy

3

Federal, an essential element of a § 1681-2(b) claim. Navy Federal also asserts that Plaintiff cannot state a claim against Navy Federal for violation of New York General Business Law § 380-f as that provision applies to CRAs, not furnishers such as Navy Federal. Finally, Navy Federal argues that Plaintiff is precluded from pursuing civil liability against Navy Federal under New York General Business Law § 380-l because he fails to identify a violation of that statute.

The Court now turns to the merits of the motion.

DISCUSSION

I.      Legal Principles: Standards Applicable on Motions to Dismiss

A.      Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

B.      Standards Applicable to Pro Se Litigants

A document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted)). Courts within this Circuit grant pro se litigants a "'special solicitude' by interpreting a complaint filed

4

*pro se* 'to raise the strongest claims that it suggests.'" Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)). However, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (quoting *2 Moore's Federal Practice* § 12.31[1][b] (2005), at 12–61 (internal quotation marks omitted)). Therefore, a court should "not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard." Henry v. Davis, No. 10-CV-7575 (PAC) (JLC), 2011 WL 3295986, at *2 n.5 (S.D.N.Y. Aug. 1, 2011), adopted by 2011 WL 5006831 (Oct. 20, 2011).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II.    Failure to State a Claim

A.    Fair Credit Reporting Act Claim

Plaintiff contends that Navy Federal violated the FCRA. The FCRA regulates consumer credit reporting agencies to ensure accuracy, confidentiality, relevancy, and proper utilization of consumer credit information. 15 U.S.C. § 1681(b). It "places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." Redhead v. Winston & Winston, P.C., No. 01-CV-11475 (DLC), 2002 WL 31106934, at *3 (S.D.N.Y. Sept 20, 2002) (citing 15 U.S.C. §§ 1681 et seq.).

Although the primary function of the FCRA is to regulate the actions of consumer reporting agencies like Equifax, Experian, and Trans Union, the FCRA also imposes obligations on parties that furnish information to such agencies. See 15 U.S.C. § 1681s-2. Courts in this Circuit have "interpreted [furnishers of information] to mean entities that transmit, to credit reporting agencies, information relating to debts owed by consumers." Barberan v. Nationpoint,

706 F. Supp. 2d 408, 426 n.11 (S.D.N.Y. 2010) (internal quotation omitted) (citing Kane v. Guar. Residential Lending, Inc., No. 04-CV-4847 (ERK), 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005)). "[T]hese obligations involve the duty to provide accurate information and to correct inaccurate information, 15 U.S.C. § 1681s–2(a), and to conduct an investigation after receiving notice of a credit dispute from a consumer reporting agency, § 1681s–2(b)." Nguyen v. Ridgewood Sav. Bank, 66 F. Supp. 3d 299, 303 (E.D.N.Y. 2014) (citing Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012)). However, certain requirements are only triggered when a furnisher of information receives notice of a credit dispute from specified parties. If a consumer files a dispute with the furnisher of the disputed information, under § 1681s-2(a)(8) the furnisher must investigate the dispute. If a consumer files a dispute with the consumer reporting agency, then both the consumer reporting agency and the furnisher have a duty to investigate the dispute. 15 U.S.C. §§ 1681i(a)(1)(A), 1681s-2(b).

Plaintiff alleges that Navy Federal violated § 1681-2(b) of the FCRA. In contrast to § 1681s-2(a), which is triggered when a consumer sends a dispute directly to a furnisher of information, § 1681s-2(b) is triggered when the furnisher is notified by the CRA that a consumer disputes the accuracy of the furnished information. Compare 15 U.S.C. § 1681s-2(a)(8) with 15 U.S.C. § 1681s-2(b)(1). Section 1681s-2(b) requires the furnisher to "conduct an investigation with respect to the disputed information," after receiving notice from a CRA. 15 U.S.C. § 1681s-2(b)(1); see, e.g., Redhead, 2002 WL 31106934, at *4 ("The category of duties in [1681s-2(b)] governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency."). Upon such notice, a furnisher must:

> (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency...; (3)

6

> report the results of the investigation to the consumer reporting agency; (4) where an investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information ...; and (5) where the information is found to be inaccurate, incomplete, or unverifiable, promptly modify, delete, or permanently block the reporting of that information.

Frederick v. Cap. One Bank (USA), N.A., No. 14-CV-5460 (AJN), 2018 WL 1583289, at *6 (S.D.N.Y. Mar. 27, 2018) (internal quotations omitted) (citing 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E)).

To satisfy a claim under § 1681s-2(b), a plaintiff must first establish that the defendant is a "furnisher of information" within the meaning of the statute. Frederick, 2018 WL 1583289, at *6. Then, he must establish that: "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" Markovskaya v. Am. Home Mortg. Servicing, Inc., 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012) (quoting Redhead, 2002 WL 31106934, at *5). "Notice from an individual consumer, in the absence of notice from a credit reporting agency, is insufficient to trigger the duties contained in Subsection (b)." Kane, 2005 WL 1153623, at *4; see also O'Diah v. New York City, No. 02-CV-274 (DLC), 2002 WL 1941179, at *13 (S.D.N.Y. Aug. 21, 2002) (§ 1681s-2(b) requires plaintiff to "show that the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information is disputed").

Here, Plaintiff's FCRA claim fails because it does not allege that the CRAs provided notice of Plaintiff's dispute to Navy Federal. To state a § 1681s-2(b) claim, Plaintiff must allege that Navy Federal was contacted by a consumer reporting agency about a dispute, and that those agencies followed up with a notice of dispute to Navy Federal (which in turn must then conduct an investigation into the information in question). Kane, 2005 WL 1153623, at *4 (granting

7

motion to dismiss for failure to allege furnisher received notice of dispute from CRA). This Plaintiff has failed to do.

In light of the foregoing, this Court recommends that Plaintiff's FCRA § 1681s-2(b) claim be dismissed. However, this Court further recommends that claim be dismissed without prejudice to his filing an amended complaint, pleading all the necessary elements of a claim under that Subsection to the extent they exist, given that the complaint suggests he might have a viable claim. See, e.g., Branum v. Clark, 927 F.2d 698, 705–06 (2d Cir. 1991) (where pro se pleading contained "the seeds" of viable claims, it should not be dismissed "without granting leave to amend at least once"); Kane, 2005 WL 1153623, at *11 (while plaintiff's complaint "le[ft] much to be desired," it was not "so clearly deficient that amendment would necessarily be futile"). Moreover, "[t]he Second Circuit has cautioned that district courts should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Olsson v. ABM Taxi Dispatch Laguardia Airport, No. 18-CV-8815 (PGG), 2020 WL 5038742, at *3 (S.D.N.Y. Aug. 26, 2020) (internal quotations omitted) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

      b.      N.Y. Gen. Bus. Law § 380-f

The FCRA outlines specific procedures that consumer reporting agencies must follow to ensure the proper reinvestigation of disputed information. It requires that if a consumer notifies a consumer reporting agency of a dispute as to the accuracy of any item of information contained in his file, within 30 days of notification, the agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). New York General Business Law § 380-f imposes similar requirements. *See* N.Y. Gen. Bus. L. § 380-f(a); Mader v. Experian Info. Sols., Inc., 56 F.4th 264, 267 n.1 (2d Cir.

8

2023) ("Because the language of the NYFCRA and the FCRA is substantially similar, the two statutes must be construed in the same way." (citation and quotation marks omitted))

Section 380-f states in part that:

> If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information . . .

N.Y. Gen. Bus. Law § 380-f.

To succeed on claims under this provision, a plaintiff must establish three elements. First, the plaintiff must establish that "the disputed information is inaccurate." Thompson v. Equifax Info. Servs. LLC, No. 20-CV-6101 (RPK) (ST), 2022 WL 2467662, at *8 (E.D.N.Y. Feb. 24, 2022) (quoting 15 U.S.C. § 1681i(a)(1)(A); Khan v. Equifax Info. Servs., LLC, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019)). Second, the plaintiff must show that he "notified the consumer reporting agency directly of the inaccurate or incomplete information." Cohen v. Equifax Info. Servs., LLC, No. 18-CV-6210 (JSR), 2019 WL 5200759, at *5 (S.D.N.Y. Sept. 13, 2019) (citation omitted), aff'd, 827 F. App'x 14 (2d Cir. 2020); see Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 104 (2d Cir. 1997). And third, the plaintiff must show that the consumer reporting agency failed to conduct a "reasonable reinvestigation" to determine the accuracy of the disputed information. Khan, 2019 WL 2492762, at *3 (citation omitted).

As N.Y. Gen. Bus. Law § 380-f regulates CRAs, not furnishers of information such as Navy Federal, Plaintiff's claim must therefore be dismissed. Plaintiff does not allege, nor can he allege that Navy Federal is a CRA. Plaintiff himself concedes this point in his opposition. (See Pl. Opp, DE [15-2], at p. 3.).

As such, this Court respectfully recommends that Plaintiff's N.Y. Gen. Bus. Law § 380-f claim be dismissed with prejudice for failure to state a claim.

c.   N.Y. Gen. Bus. Law § 380-l

As with § 380-f, N.Y. Gen. Bus. Law § 380-l applies only to CRAs. Section 380-1 states, in relevant part:

> Any person, firm, partnership, corporation, or association whose knowing and willful violation of section three hundred eight-s of this article resulted in the transmission or provision to a consumer reporting agency of information that would otherwise not have been transmitted or provided, and any consumer reporting agency or user of information who or which willfully and knowingly fails to comply with any requirement imposed under this article with respect to any consumer is liable to that consumer . . .

Id. Section 380-s provides:

> No person, firm, partnership, corporation, or association or employee thereof shall knowingly and with the intent to defraud, obtain, possess, transfer, use, or attempt to obtain, possess, transfer, or use credit, goods, services or anything else of value in the name of another person without his or her consent.

N.Y. Gen. Bus. Law. § 380-s. These statutes create a private right of action for victims of such crimes to recover damages from identity thieves, CRAs, and users which willfully and knowingly fail to comply with the article. N.Y. Gen. Bus. Law § 380-l; see Galper v. JP Morgan Chase Bank, N.A., 802 F.3d 437, 441 (2d Cir. 2015.)

The Complaint is devoid of any allegation that Navy Federal is a CRA. Further, the Complaint fails to allege that Navy Federal or its employees engaged in identity theft. Plaintiff himself concedes these facts. (See Pl. Opp., at p. 3.) Under these circumstances, Plaintiff fails to state a claim under New York's FCRA. Therefore, this Court recommends that Plaintiff's N.Y. Gen. Bus. Law § 301-l cause of action be dismissed with prejudice.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss, found at docket entry No. 15 herein, be granted. With respect to Plaintiff's FCRA § 1681s-2(b) claim, this Court recommends that the claim be dismissed without prejudice to the filing of an amended complaint. With respect to Plaintiff's N.Y. Gen. Bus. Law claims, this Court respectfully recommends that the claims be dismissed with prejudice.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Further, counsel for Navy Federal is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address and to file proof of service on ECF by February 12, 2026.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated:  Central Islip, New York
       February 11, 2026

                               /s/ Anne Y. Shields
                               Anne Y. Shields
                               United States Magistrate Judge

11